JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

VIRGINIA VANDERBILT

(b) County of Residence of First Listed Plaintiff _____

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

## DEFENDANTS

MONARCH RECOVERY MANAGEMENT, INC.

County of Residence of First Listed Defendant _____

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN  (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C SECTION 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S)  (See instructions):

JUDGE _____   DOCKET NUMBER _____

Explanation:

DATE  4/25/11

SIGNATURE OF ATTORNEY OF RECORD

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Virginia Vanderbilt                          :                    CIVIL ACTION

            v.                          :

Monarch Recovery Management, :                    NO.
Inc.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (X)

| | | |
|---|---|---|
| 4/25/11 | Craig Thor Kimmel | Virginia Vanderbilt |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-540-8888 | 877-788-2864 | Kimmel@creditlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 25 Grant street Ramsey, NJ 07446

Address of Defendant: 10965 Decatur Road, Philadelphia, PA 19154

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases 15 U.S.C. 1692
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Craig Thor Kimmel, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 4/25/11   Craig Thor Kimmel   57100
   Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/25/11   Craig Thor Kimmel   57100
   Attorney-at-Law   Attorney I.D.#

CIV. 609 (6/08)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

VIRGINIA VANDERBILT,          )
)
       Plaintiff          )
)
    v.                )   **Case No.:**
)
MONARCH RECOVERY MANAGEMENT,)   **COMPLAINT AND DEMAND FOR**
INC.,                     )   **JURY TRIAL**
       Defendant     )
)   **(Unlawful Debt Collection Practices)**
)

## COMPLAINT

VIRGINIA VANDERBILT ("Plaintiff"), by and through her attorneys, KIMMEL &

SILVERMAN, P.C., alleges the following against MONARCH RECOVERY MANAGEMENT,

INC. ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15

U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states

that such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original

jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant conducts business in the Commonwealth of Pennsylvania and

therefore, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5.    Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.    Plaintiff is a natural person residing in Ramsey, New Jersey 07446.

7.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.    Defendant is a debt collection company having its principal place of business located at 10965 Decatur Road in Philadelphia, Pennsylvania 19154.

9.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and sought to collect a consumer debt from Plaintiff.

10.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11.    The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12.    In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not

- 2 -

engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.  Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13.    In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a.  Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14.    Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.  The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15.    At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

16.    The alleged debt at issue arose out of transactions, which were primarily for

- 3 -

personal, family, or household purposes.

17.     On or about June 18, 2010, Defendant sent Plaintiff correspondence seeking and demanding payment of an alleged debt in the amount of $1,806.91.  A true and correct copy of Defendant's June 18, 2010, letter is attached hereto as Exhibit "A".

18.     Defendant represented that it had been retained to collect an account, but failed to conspicuously identify the original creditor of the account, merely instead stating: "this is to advise you that your account has been transferred to our office for collection by GE MONEY BANK" and identifying GAP as "Fwd Creditor."  See Exhibit "A".

19.     Defendant demanded payment by deceptively claiming that, "the amount due on the day you pay may be greater as interest, late fees and other charges may be added by the creditor.  Hence, if you pay the total balance due shown above, an adjustment may be necessary after we receive your payment."  See Exhibit "A".

20.     Defendant's statement leaves Plaintiff with no way of knowing the amount of the debt being claimed.

21.     Defendant's letter also fails to provide any description detailing whether interest, late fees and other charges if any have been included, and/or what portion is interest, how interest was calculated or even if the charging of interest was authorized, thereby making it impossible for Plaintiff to determine whether or not she owes the alleged debt and/or whether the alleged debt was correctly calculated.  See Exhibit "A".

22.     Defendant's June 18, 2010 letter further states, "The Federal Trade Commission enforces the Fair Debt Collection Practices Act (FDCPA).  If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave. NW, Washington, DC 20580."  See Exhibit A.

23.     The principal mission of the FTC is the promotion of consumer protection.

- 4 -

24.     In fact, the FTC states on its website, "The FTC does not resolve individual consumer complaints." See https://www.ftccomplaintassistant.gov/.

25.     There is no mandate for Defendant to include the statement referred to in paragraph 22, but if it does make representations, it has a duty to provide accurate, non-deceptive information

26.     The effect of Defendant's representation is to direct complaining consumers to the FTC, when the FTC does not undertake individual claims review.

27.     By directing Plaintiff to file any complaint about its conduct to the FTC, Defendant provided false information.

28.     Further, the effect of Defendant's wording is to mislead Plaintiff into believing that her only remedy regarding a complaint about Defendant's debt collection practices is to contact the FTC, as Defendant does not refer to any other manner of complaining, such as hiring of private counsel and filing a civil action.

29.     The FDCPA provides a consumer with a private cause of action against the debt collector. See 15 U.S.C. §1692k(a).

30.     Defendant's letter created a false impression based upon false information, in violation of the FDCPA .

## CONSTRUCTION OF APPLICABLE LAW

31.     The FDCPA is a strict liability statute.  Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997).  "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

- 5 -

32.     The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

33.     The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

**COUNT I**
**DEFENDANT VIOLATED THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

34.     In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

      a.   Defendant violated of the FDCPA generally;

      b.   Defendant violated §1692d of the FDCPA by harassing Plaintiff in

- 6 -

PLAINTIFF'S COMPLAINT

connection with the collection of an alleged debt;

c.   Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

d.   Defendant violated §1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect a debt;

e.   Defendant violated §1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt; and

f.   By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, VIRGINIA VANDERBILT, respectfully prays for a judgment as follows:

a.   All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.   Any other relief deemed appropriate by this Honorable Court.

- 7 -

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, VIRGINIA VANDERBILT, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

DATED: 4/25/11

By: _____
Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

- 8 -

PLAINTIFF'S COMPLAINT

(formerly Academy Collection Service, Inc.)
10965 Decatur Road
Philadelphia, PA 19154-3210
1(800) 220-0605 or 1(215) 281-7500

Pay Online: Easy & Secure www.acswebpay.com
(transaction fees apply).

June 18, 2010

Make Check Payable to: Monarch Recovery

Account #: _____ .0690
Monarch File #: 19456209
Total Bal As of 18 Jun 2010: $1806.91

Virginia Vanderbilt          19456209

Monarch Recovery Management, Inc.
PO Box 21089                 19456209
Philadelphia, PA 19114-0589

*Detach and Return Top Portion to Expedite Your Account*

This is to advise you that your account has been transferred to our office for collection by GE MONEY BANK.

As of the date of this letter, you owe $1806.91. The amount due on the day you pay may be greater as interest, late fees and other charges may be added by the creditor. Hence, if you pay the total balance due shown above, an adjustment may be necessary after we receive your payment.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt by a debt collector to collect a debt. Any information obtained will be used for that purpose. If you pay us by check or check by phone, your transaction will be converted to an ACH. Additionally, the check writer authorizes Monarch or its agent to re-present the check electronically if the check is returned for insufficient or uncollected funds. A returned check charge of $3.00 may be added to your account if such check is ultimately returned as unpaid.

Federal law prohibits certain methods of debt collection, and requires that we treat you fairly. You can stop us from contacting you by writing a letter to us that tells us to stop the contact. Sending such a letter does not make the debt go away if you owe it. Once we receive your letter, we may not contact you again, except to let you know that there will not be any more contact or that we intend to take a specific action.

If you have a complaint about the way we are collecting this debt, please write to our Compliance Center at 10965 Decatur Road, Philadelphia, PA 19154, email us at compliance@monarchrm.com, or call us toll-free at 1-800-220-0605 ext. 2261, between 9:00 A.M. Eastern Time and 5:00 P.M. Eastern Time Monday-Friday.

The Federal Trade Commission enforces the Fair Debt Collection Practices Act (FDCPA). If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave. NW, Washington, DC 20580.

Yours truly,
Fred Stone, Debt Collector Ext 2782

### NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

| ACCOUNT INFORMATION | | CONTACT INFORMATION |
|---|---|---|
| Date of letter: | June 18, 2010 | |
| Creditor: | GE MONEY BANK | Monarch Recovery Management, Inc. |
| | | (formerly Academy Collection Service, Inc.) |
| Fwd Creditor: | GAP | 10965 Decatur Road, Philadelphia PA 19154 |
| Account #: | 0690 | 1(800) 220-0605 or 1(215) 281-7500 |
| Creditor #: | Ge Money Bank | Hours: M-TH 8am - 9pm, F 8am - 5pm |
| Monarch File #: | 19456209 | |
| Total Bal As of 18 Jun 2010: $1806.91 | | Side 1 of 2 |

1 000255P 1 007 000084 169 611000 S-CRE


PLAINTIFF'S EXHIBIT A
ALL-STATE LEGAL®